IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUGUSTINE GONZALES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROSALINDA GONZALES, DECEASED, MONICA HERNANDEZ, PERLA MARTINEZ (A.K.A. PERLA RODRIGUEZ) AND JOE PEDRAZA, JR.<br>*Plaintiffs*,<br><br>vs.<br><br>DOLORES TERRAVISTA HOUSING, LLC AND INEZ GARCIA<br>*Defendants*. | § § § § § § § § § § § § § § | Civil Action No. _____ |

**DEFENDANT DOLORES TERRAVISTA HOUSING, LLC'S NOTICE OF REMOVAL**

Defendant Dolores Terravista Housing, LLC ("Terravista" or "Defendant") files this notice of removal under 28 U.S.C. §1446(a).

## A.  INTRODUCTION

1. This is a premises liability case arising out of an incident that occurred on April 1, 2020 at the Roselawn Apartments located at 3346 Roselawn Road, San Antonio, Texas 78226 ("the Premises").

2. Plaintiffs are Augustine Gonzalez, individually and on behalf of the estate of Rosalinda Gonzales, deceased, Monica Hernandez, Perla Martinez, and Joe Pedraza Jr. (collectively, "Plaintiffs"). Each Plaintiff is a citizen of Texas.

3. Defendants are Dolores Terravista Housing, LLC and Inez Garcia ("Garcia").

4. Terravista is a Delaware limited liability company. *See* Affidavit of Gloria L. Farias, attached hereto as Exhibit A. As such, its citizenship is based on the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Terravista's sole member is Pico Union Housing Corporation. *See* Exhibit A. A corporation is a

citizen of its state(s) of incorporation and of the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Pico Union Housing Corporation is a California corporation, whose principal place of business is located in California. *See* Exhibit. A. Accordingly, Terravista is a citizen of California.

5. Garcia is a citizen of Texas.

6. On April 18, 2021, Plaintiffs sued Defendants for negligence and premises liability in the 150th District Court of Bexar County, Texas.

7. Plaintiffs seek damages in an amount exceeding $75,000.

8. Terravista received notice of the suit on September 9, 2021. Terravista files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### B. BASIS FOR REMOVAL

9. Removal is proper because Plaintiffs joined Garcia solely to defeat diversity jurisdiction. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A nondiverse or local defendant can be disregarded under the doctrine of fraudulent joinder if there is no possibility the plaintiff can establish a cause of action against that defendant under applicable state law. *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d at 573.

10. The Fifth Circuit has identified two ways in which a court may resolve the issue of predicting whether a plaintiff has a reasonable basis of recovery against the non-diverse defendant. First, a court may conduct a Rule 12(b)(6)-type analysis to determine whether the complaint states

a claim under state law against the non-diverse defendant. *Id.* Alternatively, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder […] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Both tests show there is no possibility that Plaintiffs can establish a cause of action against Garcia under applicable state law.

*Rule 12(b)(6) Analysis*

11. First, a Rule 12(b)(6)-type review of Plaintiffs' complaint shows Plaintiffs have failed to state a claim against Garcia.

12. Under Texas law, a negligence claim requires a showing of: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) damages proximately resulting from that breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citation omitted).

13. "[A]n individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party apart from the employer's duty." *See Lowery v. Wal-Mart Stores Tex., LLC*, No. 4:17-CV-0166, 2017 U.S. Dist. LEXIS 36789 at *8 (S.D. Tex. 2017) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)). As stated by the Texas Supreme Court:

> A negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act though individuals. […] Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.

*Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

14. Plaintiffs' negligence claims against Garcia are solely based on Garcia's acts in her capacity as property manager of the premises and Terravista's employee. *See* Plaintiff's Original

Petition at ¶ 2.7. Plaintiffs' petition does not allege any facts against Garcia based on her independent capacity, or any independent duty owed to Plaintiff. Instead, Plaintiffs' claims are based on duties and responsibilities associated with Garcia's role as property manager. For example, Plaintiffs allege:

    a. Garcia owed (and breached) a duty of care […] *in her role as property manager for Terravista*. Plaintiff's Original Petition at ¶ 2.7 (emphasis added);

    b. At all relevant times […] Garcia was acting *under the direction and control of Defendant Terravista*. Plaintiff's Original Petition at ¶ 2.8 (emphasis added).

15. Indeed, Plaintiffs seek to hold Terravista vicariously liable for Garcia's conduct on the basis that "Garcia was acting in furtherance of the business of Defendant Terravista at the time of the incident, within her general authority, in the course and scope of her employment and/or agency with Defendant Terravista at the time, and for the accomplishment of the object for which she was hired." Plaintiff's Original Petition at ¶ 6.1.

16. There is no allegation based on Garcia's individual conduct. To the contrary, the Petition alleges generally that "Defendants" owed certain duties and performed certain acts and/or omissions of negligence. Plaintiff's Original Petition at ¶¶ 5.1-5.3. For instance, Plaintiffs allege "Defendants":

    a. Owed Rosalinda and the other tenants a duty to exercise ordinary care to keep the Premises in a reasonably safe condition to prevent unnecessary injury to residents. Plaintiff's Original Petition at ¶ 5.2;

    b. Owed a duty to all invitees on the premises to use ordinary care in maintaining and inspecting Premises and making repairs, installations, and modifications in such a manner that the serious risk of harm posed on the Premises would be reduced or eliminated. Plaintiff's Original Petition at ¶ 5.2;

    c. Failed to perform a proper inspection. Plaintiff's Original Petition at ¶ 5.2;

    d. Failed to properly manage and maintain the premises, sidewalk, and surrounding surface. Plaintiff's Original Petition at ¶ 5.2;

    e. Failed to properly manage and maintain the premises. Plaintiff's Original Petition

at ¶ 5.2;

      f.    Failed to properly warn residents of a danger. Plaintiff's Original Petition at ¶ 5.2;

17. Every duty Plaintiffs allege Garcia owed is based on Garcia's alleged role as a property manager and employee of Terravista, not any independent duty owed by Garcia.

18. Likewise, every act by Garcia that Plaintiffs describe involves an alleged failure to perform Garcia's employee duties, rather than any independent duty she possessed with respect to the safety of the Premises.

19. Plaintiffs fail to allege any facts that would allow a court to reasonably conclude that Garcia had any duty to Plaintiffs, other than duties she owed as an agent or employee of Terravista. Because Plaintiffs have failed to plead any independent duty, they have failed to plead a cause of action for negligence against Garcia. *See, e.g., Lowery v. Wal-Mart Stores Tex., LLC*, No. 4:17-cv-0166, 2017 U.S. Dist. LEXIS 36789 at *10 (S.D. Tex. 2017).

20. A premises liability claim under Texas law requires allegations that: (1) the owner had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) the owner's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused injury. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

21. Plaintiffs' premises liability claim against Garcia would not survive a 12(b)(6) challenge for the same reason their negligence claim would not survive the challenge—Plaintiffs' petition lacks any allegations based on Garcia's individual conduct. Like their negligence claim, Plaintiffs' premises liability claim against Garcia is based entirely on duties and conduct related to Garcia's alleged role as a property manager and employee of Terravista. *See* Plaintiff's Original Petition at § B.

22. Because Plaintiffs have failed to allege any independent duty on the part of Garcia, they cannot establish a cause of action for premises liability against Garcia individually. *See Lowery v. Wal-Mart Stores Tex., LLC*, No. 4:17-cv-0166, 2017 U.S. Dist. LEXIS 36789 at *10 (S.D. Tex. 2017).

23. A 12(b)(6) analysis therefore shows there is no reasonable basis to predict Plaintiffs might recover against Garcia.

*Summary Inquiry*

24. A summary inquiry also shows there is no possibility of recovery against Garcia. The summary inquiry procedure is appropriate here because evidence will show Plaintiffs misstated or omitted discrete facts that would preclude their recovery against Garcia and determine the propriety of joinder. *See, e.g., Guillory v. PPG Indus.*, 434 F.3d 303, 310 n. 22 (5th Cir. 2005) (magistrate judge's determination that three in-state defendants "had no connection" to equipment where explosion occurred was "right in line" with proper scope of summary inquiry).

25. Plaintiffs' negligence and premises liability claims against Garcia are premised on Garcia's purported role as property manager for the Roselawn Apartments prior to and at the time of the incident in question. Plaintiffs specifically allege as follows in support of their claims:

   a. Garcia owned, occupied, controlled, and/or exercised or assumed responsibility for the Premises at the time of the incident;

   b. Garcia was employed by Terravista as its authorized agent, servant, and/or employee prior to and on the date in question;

   c. Garcia was the property manager for the Premises at the time of the incident, and by virtue of her position, exercised control over and responsibility for the Premises;

   d. Garcia was acting under the direction and control of Terravista at the time of the incident;

   e. Garcia was acting in furtherance of Terravista's business at the time of the incident, within her general authority, in the course and scope of her employment and/or agency with Terravista, and for the accomplishment of the object for which she was hired;

f.  Garcia, in her role as property manager for Terravista, owed a duty to invitees to use ordinary care in maintaining and inspecting the Premises and making repairs, installations, and modifications in order to reduce or eliminate serious risk of harm on the Premises;

g.  Garcia failed to properly manage and maintain the Premises, sidewalk and surrounding surface;

h.  Garcia breached her duties to invitees at the Premises, committing actions of omission and/or commission that constitute negligence, and that negligence proximately caused the incident in question;

i.  Garcia had a right to and did control, possess and/or own the Premises where an unreasonably dangerous condition existed;

j.  Decedent entered the premises for the mutual benefit of herself and Garcia, and with Garcia's knowledge;

k.  Garcia had a duty to inspect the Premises for any and all defects and conditions which were observable by reasonable inspection so as to prevent injury to residents;

l.  Garcia, or her agents, servants, contractors, and/or employees, created, maintained, and failed to make safe or warn about unreasonably dangerous conditions on the Premises;

m.  Garcia knew or should have known an unreasonably dangerous condition existed on the Premises, as the conditions existed long enough to give Garcia reasonable opportunity to discover and remedy them;

n.  Garcia failed to use ordinary care in keeping the Premises in a reasonably safe condition, and such failure caused the incident in question;

o.  Garcia had a duty to make the Premises safe and/or warn residents, including [decedent] of the potential harm and/or threat posed by the unreasonable dangerous condition;

p.  Garcia's failure to use ordinary care in preventing, fixing, or warning of an unreasonably dangerous condition proximately caused the incident in question and resulting injuries.

q.  Garcia had actual and/or constructive knowledge of the unreasonably dangerous conditions, and such conditions posed an unreasonable risk of harm to residents;

r.  Garcia failed to exercise reasonable care to reduce or eliminate the risk, and such failure caused the incident in question;

s.  Garcia was aware decedent would be required to use the subject sidewalk, in its defective and unreasonably dangerous condition, which condition Garcia created, failed to maintain, and allowed to remain.

26. However, contrary to Plaintiffs' allegations, Garcia was not involved in any activities related to Plaintiffs' alleged injuries. Indeed, evidence shows Garcia was not employed by Terravista prior to or at the time of the incident. *See* Exhibit A. Likewise, there is evidence that Garcia did not manage the Premises from the time Terravista purchased the property until the time of the incident. *See* Exhibit A.

27. Plaintiffs severely misstated Garcia's involvement with and relationship to the Premises. The fact that Garcia was not employed by Terravista prior to or on the date of the incident, and that Garcia was not involved in the management of the Premises from the time Terravista purchased the property to the time of the incident wholly precludes Plaintiffs' claims against Garcia.

28. Plaintiffs would be unable to recover against Garcia under a negligence theory because Garcia did not owe a duty to Plaintiff, did not breach a duty owed to Plaintiff, and did not cause damages resulting from any breach of a duty.

29. Likewise, Plaintiffs would be unable to recover against Garcia under a theory of premises liability because Garcia did not own or control the premises, did not have actual or constructive notice of a condition posing an unreasonable risk of harm on the premises, did not fail to use reasonable care at the premises, and did not proximately cause injury by failing to use reasonable care at the premises.

30. Accordingly, there is no reasonable basis to predict that Plaintiffs might be able to recover against Garcia.

31. Consent of Garcia is not necessary because Garcia has been fraudulently joined. 28 U.S.C. § 1446(b)(2)(A); *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5h Cir. 1993) (providing consent of improperly or fraudulently joined parties is not necessary, as removal in

such cases is based on the contention that said parties are not proper defendants).

32. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibit B.

33. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

34. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. JURY DEMAND

35. Plaintiffs demanded a trial by jury in the state-court suit.

### D. CONCLUSION

36. As Garcia was improperly joined, her citizenship should be disregarded for diversity purposes. Because there is complete diversity between Plaintiffs (citizens of Texas) and Defendant (citizen of California), and the amount in controversy exceeds $75,000, this Court has original and removal jurisdiction. Defendant respectfully asks the Court to remove the suit to the U.S. District Court for the Western District of Texas, San Antonio division.

Respectfully submitted,

**GONZALEZ CHISCANO ANGULO & KASSON, P.C.**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Telephone No. 210/569-8489
Telecopier No. 210/569-8490

By: */s/ Henry B. Gonzalez III*
 HENRY B. GONZALEZ III
 State Bar No. 00794952
 Email: hbg@gcaklaw.com

**ATTORNEYS FOR DEFENDANTS,
DOLORES TERRAVISTA HOUSING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2021, a true and correct copy of the foregoing was served in accordance with the CM/ECF to the following:

| Party | Counsel | Additional Recipients |
|---|---|---|
| Plaintiffs | fguerra@wattsguerra.com<br>jneal@wattsguerra.com<br>mdrukker@wattsguerra.com | |

    */s/ Henry B. Gonzalez III*
HENRY B. GONZALEZ III