IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AUGUSTINE GONZALES, INDIVIDUALLY | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| ROSALINDA GONZALES, DECEASED, | § | |
| MONICA HERNANDEZ, PERLA MARTINEZ | § | |
| (A.K.A. PERLA RODRIGUEZ) AND JOE | § | |
| PEDRAZA, JR. | § | Civil Action No. _____ |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| DOLORES TERRAVISTA HOUSING, LLC | § | |
| AND INEZ GARCIA | § | |
| *Defendants*. | § | |

## INDEX OF DOCUMENTS

1. State Court Docket Sheet;

2. Plaintiffs' Original Petition (filed 08/18/2021);

3. Defendants' Original Answer (filed 10/04/2021);

4. Defendant's Notice of Removal (filed 10/11/2021).

Exhibit B

150th District Court

## Case Summary

### Case No. 2021CI16841

| | | | |
|---|---|---|---|
| Agustine Gonzalez ET AL VS Dolores Terravista Housing LLC ET AL | § § § | Location: | **150th District Court** |
| | | Judicial Officer: | **150th, District Court** |
| | | Filed on: | **08/18/2021** |

---

## Case Information

| | |
|---|---|
| Case Type: | OTHER INJURY OR DAMAGE |
| Case Status: | **08/18/2021  Pending** |

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2021CI16841 |
| Court | 150th District Court |
| Date Assigned | 08/18/2021 |
| Judicial Officer | 150th, District Court |

---

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Gonzalez, Agustine** | **NEAL, JENNIFER A**<br>*Retained* |
| | **Hernandez, Monica** | **NEAL, JENNIFER A**<br>*Retained* |
| | **Martinez, Perla** | **NEAL, JENNIFER A**<br>*Retained* |
| | **Pedraza Jr., Joe** | **NEAL, JENNIFER A**<br>*Retained* |
| | **The Estate of Rosalinda Gonzales** | **NEAL, JENNIFER A**<br>*Retained* |
| **Defendant** | **Dolores Terravista Housing LLC** | **Gonzalez, Henry B. III**<br>*Retained* |
| | **Garcia, Inez** | **Gonzalez, Henry B. III**<br>*Retained* |

---

## Events and Orders of the Court

| | |
|---|---|
| 08/18/2021 | New Cases Filed (OCA) |
| 08/18/2021 | PETITION |
| 08/18/2021 | JURY FEE PAID |
| 09/03/2021 | **Citation Certified Mail**<br>Dolores Terravista Housing LLC<br>Unserved<br>Garcia, Inez |

Exhibit B

150th District Court

## Case Summary

**Case No. 2021CI16841**

|  |  |
|---|---|
|  | Returned Unserved |
|  | 09/15/2021 |
| 09/15/2021 | RETURN OF SERVICE - UNSUCCESSFUL |
|  | Party:  Defendant Garcia, Inez |
| 10/04/2021 | ORIGINAL ANSWER OF |
|  | *DOLORES TERRAVISTA HOUSING, LLC AND INEZ GARCIA* |

Exhibit B

CERTIFIED MAIL  70210350000101303448

**Case Number: 2021CI16841**

**Agustine Gonzalez ET AL VS Dolores Terravista Housing LLC ET AL**
(Note: Attached Document May Contain Additional Litigants.)

IN THE 150th District Court
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   DOLORES TERRAVISTA HOUSING LLC
BY SERVING ITS REGISTERED AGENT LOCKE LORD LLP
600 CONGRESS AVENUE
SUITE 2200
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said PLAINTIFFS' ORIGINAL PETITION was filed on the 18th day of August, 2021

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  3RD DAY OF SEPTEMBER, 2021.

**JENNIFER A NEAL**
**ATTORNEY FOR PLAINTIFF**
**4 DOMINION DR  100**
**SAN ANTONIO TX  78257-1390**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**

By: **/s/** Jason Pastrano
**Jason Pastrano, Deputy**

---

Agustine Gonzalez ET AL VS Dolores
Terravista Housing LLC ET AL

**Officer's Return**

Case Number: 2021CI16841

Court: 150th District Court

Came to hand on the 3rd day of September, 2021, at 10:24 AM and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, 20_____, by delivering to: _____ at 600 Congress Avenue Suite 2200 Austin TX  78701 a true copy of this CITATION,  upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with  PLAINTIFFS' ORIGINAL PETITION.
Cause of failure to execute this is
_____.



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: **/s/** Jason Pastrano
**Jason Pastrano, Deputy**

Exhibit B

FILED
8/18/2021 2:00 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

2 cml  w jd

## 2021CI16841

CAUSE NO. _____

| | | |
|---|---|---|
| AUGUSTINE GONZALEZ, | § | IN THE DISTRICT COURT OF |
| Individually and on Behalf of the Estate of | § | |
| Rosalinda Gonzales, Deceased, MONICA | § | |
| HERNANDEZ, PERLA MARTINEZ (a.k.a. | § | Bexar County - 150th District Court |
| Perla Rodriguez) and JOE PEDRAZA, JR. | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| | § | |
| DOLORES TERRAVISTA HOUSING, | § | |
| LLC and INEZ GARCIA | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |
| | § | |

### <u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs, Augustine Gonzales, individually and on behalf of the Estate of Rosalinda Gonzales, Deceased, Monica Hernandez, Perla Martinez (a.k.a. Perla Rodriguez), and Joe Pedraza, Jr., and file this their Original Petition complaining of Defendants, Dolores Terravista Housing, LLC ("Terravista") and Inez Garcia, a property manager employed by Terravista. Plaintiffs would respectfully show this Honorable Court as follows:

### I.
### DISOCVERY TRACK

1.1     Plaintiffs plead this case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an Agreed Order or other Court Order to this effect.

### II.
### PARTIES

2.1     Plaintiff, Augustine Gonzales, is the husband of Rosalinda Gonzales, Deceased. He is a resident of San Antonio, Texas.

Exhibit B

2.3     Plaintiff, Monica Hernandez, is the daughter of Rosalinda Gonzales, Deceased. She is a resident of San Antonio, Texas.

2.4     Plaintiff, Perla Martinez (a.k.a. Perla Rodriguez), is the daughter of Rosalinda Gonzales, Deceased. She is a resident of San Antonio, Texas.

2.5     Plaintiff, Joe Pedraza, Jr., is the son of Rosalinda Gonzales, Deceased. He is a resident of San Antonio, Texas.

2.6     Defendant, Dolores Terravista Housing, LLC., ("Terravista") owns the premises located at 3346 Roselawn Road, San Antonio, Texas 78226 (formerly known as Roselawn Apartments and now known as The Meadows Apartments).  Terravista is a foreign corporation duly organized under the laws of the State of Delaware which conducts business in San Antonio, Texas, with its principal place of business in California located at 1038 Venice Boulevard, Los Angeles, California 90015. Terravista owns five properties in San Antonio, Texas, and has a local business office located at 2600 E. Westward Drive, San Antonio, Texas 78227. Defendant Terravista may be served with process by and through its registered agent, Locke Lord LLP, 600 Congress Avenue, Suite 2200 Austin, Texas 78701.  As illustrated in more detail below in Sections IV and V, Terravista owed (and breached) a duty of care to invitees on the Premises (including Rosalinda Gonzales) to make known dangerous conditions safe.  Terravista's wrongful acts and/or omissions proximately caused the injuries and death of Rosalinda Gonzales, as well as the injuries suffered by Plaintiffs Augustine Gonzales, Monica Hernandez, Perla Martinez (aka Perla Rodriguez) and Joe Pedraza, Jr. **Service is requested at this time.**

2.7     Defendant, Inez Garcia, is a resident of San Antonio, Texas.  She may be served with process at her place of employment, 2600 E. Westward Drive, San Antonio, Texas 78227, or wherever she may be found.  Defendant Garcia was (and is) the property

Exhibit B

manager at Roselawn Apartments, now known as The Meadows Apartments (the "Premises"). Upon information and belief, Defendant Garcia, in her capacity as property manager and by virtue of her duties and responsibilities associated therewith, exercised control over and responsibility for the Premises, including prior to and on the date of the incident made the basis of this lawsuit. Accordingly, as illustrated in more detail below in Sections IV and V, Defendant Garcia owed (and breached) a duty of care to invitees on the Premises (including Rosalinda Gonzales), in her role as property manager for Terravista, to make known dangerous conditions safe. **Service is requested at this time.**

2.8    At all times relevant hereto, and as explained in more detail below in Section V, Defendant Garcia was acting under the direction and control of Defendant Terravista. Accordingly, Terravista is vicariously liable for the wrongful acts and/or omissions of Defendant Garcia, under the doctrine of *respondeat superior*, which proximately caused the injuries and death of Rosalinda Gonzales, as well as the injuries suffered by Plaintiffs Augustine Gonzales, Monica Hernandez, Perla Martinez (aka Perla Rodriguez) and Joe Pedraza, Jr.

## III.
## VENUE AND JURISDICTION

3.1    Venue is proper in Bexar County, Texas, pursuant to Sections 15.002(a)(1) and 15.002(a)(2) of the Texas Civil Practice and Remedies Code because Bexar County is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred and it is the County in which Defendant Inez Garcia resides. Venue is also proper in Bexar County, Texas, pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is the county of Defendant Terravista's principal office in Texas. And venue is proper in Bexar County, Texas, as to all of the Plaintiffs' claims against all Defendants under Section 15.005 of the Texas Civil Practice and

Exhibit B

Remedies Code because all of the Plaintiffs' claims arise from the same transaction or occurrence or series of transactions or occurrences.

      3.2    This Court has subject matter jurisdiction over this action because the amount sought herein exceeds the minimum jurisdictional limits of the Court. Specifically, and pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek damages in excess of $1,000,000.00.

      3.3    This Court has general and specific personal jurisdiction over Defendant Terravista because of its sufficient minimum contacts with Texas, both in general and with respect to this specific incident, such that it is proper for this Court to exercise jurisdiction over Terravista. This Court has personal jurisdiction over Terravista pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.041-17.045 because it committed a tort in whole or in part in Texas and purposefully availed themselves of the privilege of conducting business activities within Texas. This Court has personal jurisdiction over Terravista because it purposefully directed its activities to Texas, has purposefully availed itself of the benefits and privileges of conducting business in Texas, and the claims made in this lawsuit arise foreseeably from the direction of those activities to Texas by Terravista. Specifically, Terravista was engaged in and conducting business activities in the State of Texas; solicited business in Texas from residents of Texas with the knowledge that the consummation of those intended transactions would occur in Texas. Terravista anticipated that it would derive revenue and profit from those transactions in Texas. The claims made in this lawsuit arise directly out of the purposeful direction of those business activities to Texas; and Terravista has substantial, systematic and continuous contacts with Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts, such that its conduct and connection with the State of Texas is such that it could reasonably anticipate being sued in the State of Texas.  The exercise of

Exhibit B

personal jurisdiction over Terravista is consistent with due process and dues do not offend traditional notions of fair play and substantial justice.

3.4     This Court has general personal jurisdiction over Defendant Garcia because she is a resident of Bexar County, Texas.  This Court has general personal jurisdiction over Defendant Garcia because she is a citizen of Texas and is "at home" in Texas.  Thus, exercising jurisdiction over Defendant Garcia does not offend traditional notions of fair play or substantial justice.

3.5     Although Plaintiffs seek damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit. There does not exist complete diversity among the parties to the suit and Plaintiffs' claims raise no federal question. More specifically, Plaintiffs seek no relief under a federal law, statute, regulation, treaty, or constitution, nor do Plaintiffs' right to relief necessarily depend on the resolution of a substantial question of federal law. To the extent Defendants attempt to improperly remove this case, Plaintiffs request an award of all costs, expenses, and fees available under 28 U.S.C. § 1447(c).

**IV.**
**FACTS**

4.1     On April 1, 2020—the same day as her two daughters' birthdays—Rosalinda Gonzales ("Rosalinda") suddenly and violently lost her life when she tripped on a narrow and unreasonably dangerous portion of a common-area sidewalk located where she resided at the Roselawn Apartments, 3346 Roselawn Road, San Antonio, Texas 78226 ("Premises").[1]   Defendant Terravista and Defendant Garcia owned, occupied, controlled, and/or exercised or assumed responsibility for the Premises.

---

[1] Rosalinda and her husband were tenants/invitees at the apartment complex.  The complex has since been renamed, and is now called The Meadows Apartments.

Exhibit B

4.2    Upon information and belief, Defendant Terravista had previously completed a long and arduous process of extensively evaluating, inspecting, negotiating for, and ultimately deciding to purchase the Premises.   As part of the process of investigating and considering the purchase, Terravista upon information and belief conducted numerous inspections and physical needs assessments of the complex.

4.3    After purchasing the Premises, it appears Terravista elected to retain the services of Defendant Garcia, who had previously served as property manager.   Upon information and belief, Defendant Garcia continues to serve in that capacity today.

4.4    As a part of their leasing/housing arrangement with the apartment complex, Rosalinda and her husband, Augustine, were permitted by those who owned, occupied, controlled, and/or exercised or assumed responsibility for the Premises—including Defendant Terravista and Defendant Garcia—to reside in their apartment while also storing personal belongings in an outside area located west of their apartment.



4.5    To access the outdoor area where Defendants permitted Rosalinda and her husband to store their belongings, Rosalinda had no choice but to use a narrow portion of common-area sidewalk due to an air conditioning unit sitting hazardously on the

Exhibit B

sidewalk such that it occupied at least half of the surface area of the sidewalk. In addition, the narrow path of sidewalk was interrupted by jagged and broken concrete with large pieces of concrete protruding upward.



4.6     As Rosalinda was attempting to navigate the narrow path to access her the red pot seen in the picture above, she suddenly and forcefully tripped on the jagged piece of concrete which protruded upward.

4.7     The trip caused Rosalinda to knock over a figurine as she fell and violently hit her head on the trunk of a nearby tree, which knocked her unconscious and caused bleeding in her brain.

4.8     A witness found Rosalinda on the ground at the base of the tree. As she regained consciousness, the bleeding in her brain continued, causing her to suffer from a massive headache, violent convulsions, and uncontrollable vomiting. She was rushed via EMS to the hospital. Several days later, her family had to make the agonizing decision—after doctors informed them there was no chance whatsoever of recovery—to remove their beloved matriarch from life support.

Exhibit B

4.9     Rosalinda was known affectionately throughout the apartment complex as "The Mayor" because she took great pride in trying to take care of her fellow residents and the apartment grounds.  Her fellow residents adored her for her devotion.  And her family cherished and loved her immensely.  She left behind three children—Monica, Perla, and Joe—as well as her husband of 42 years, Augustine, several grandchildren, and her disabled brother (for whom she was the primary caregiver).

4.10    At no time were there any verbal or written warnings, signs, or other indicators warning residents of the unreasonably dangerous conditions.

4.11    To this day, the unreasonably dangerous conditions which caused and resulted in Rosalinda's tragic and horrific death remain unrepaired by Defendants. Likewise, Defendants have done absolutely nothing to warn residents of the danger.  In short, Defendants have done nothing whatsoever to try to ensure other residents are not severely injured or possibly even killed in the future should they encounter the narrow walkway with unacceptably-broken concrete and, like Rosalinda, find themselves unable to avoid tripping and falling.

## V.
## CAUSES OF ACTION

### A. Negligence

5.1     Defendants Terravista and Garcia committed actions of omission and/or commission, which collectively and severally constituted negligence, and that negligence proximately caused the incident in question and Plaintiffs' damages.

5.2     Defendants owed Rosalinda and the other tenants a duty to exercise ordinary care to keep the Premises in a reasonably safe condition so as to prevent unnecessary injury to residents, including Rosalinda.  Defendants also owed a duty to all invitees on the Premises, including Rosalinda, to use ordinary care in maintaining and

Exhibit B

inspecting the Premises and making repairs, installations, and modifications in such a manner that the serious risk of harm posed on the Premises would be reduced or eliminated. Defendants' acts and/or omissions of negligence include, without limitation, one or more of the following:

a. Allowing Rosalinda to use the sidewalk and subject area to store her belongings;

b. Failing to perform a proper inspection or inspections;

c. Failing to properly manage and maintain the Premises, sidewalk, and surrounding surface (including the placement of the air conditioning unit in the middle of the sidewalk);

d. Failing to properly warn residents, including Rosalinda, of the danger;

e. Failing to properly train employees and/or agents in the proper manner and method of installing, inspecting, maintaining, and/or repairing of the Premises, sidewalk, and/or surrounding surface;

f. Failing to post signs or warnings on the Premises, near the unreasonably dangerous condition on the sidewalk and/or surrounding surface;

g. Failing to notify residents, including Rosalinda Gonzales, that the sidewalk was broken and/or cracked such that it amounted to an unreasonably dangerous condition;

h. Failing to provide a safe, uncracked surface around the sidewalk;

i. Failing to inspect, supervise, and/or analyze the sidewalk and surrounding surface in a reasonable way; and

j. Failing to make the sidewalk and/or surrounding surface safe for intended use.

5.3    Furthermore, on the day of the subject incident, Defendants were aware

Exhibit B

that Rosalinda Gonzales would be required to use the subject sidewalk, in its defective and unreasonably dangerous condition, if she were to access her belongings.

### B.      Premises Liability

5.4      Possessors of land, such as Defendant Terravista and Defendant Garcia in this case, owe invitees a duty to use ordinary care to keep the premises in a reasonably safe condition.  This includes the duty to protect invitees from unreasonable risks of harm or to warn them of the risks.  Defendants did neither in this case.

5.5      At the time of the incident, Defendants had a right to and did control, possess and/or own the Premises where the unreasonably dangerous conditions existed – specifically, the common area sidewalk and/or surrounding surface (including the poorly placed air conditioning unit) where Rosalinda tripped.  As a tenant, Rosalinda was an invitee because she entered the Premises with knowledge of Defendants for the mutual benefit of both her and the Defendants.

5.6      At the time of the incident, Defendants had a duty to inspect, maintain, and repair the Premises in question. Defendants had a duty to inspect the Premises for any and all defects and conditions which were observable by reasonable inspection so as to prevent injury to residents, including Rosalinda. This duty specifically included any unreasonably dangerous conditions, such as the sidewalk break and placement of the air conditioning unit which caused Rosalinda to trip and fall to her untimely and tragic death. Defendants, or their agents, servants, contractors, and/or employees in the course and scope of employment, created, maintained, and failed to make safe or warn about the above-described unreasonably dangerous conditions.  Defendants knew or should have known that the unreasonably dangerous conditions existed, as the conditions existed long enough to give Defendants a reasonable opportunity to discover and remedy

Exhibit B

them. Defendants failed to use ordinary care in keeping the Premises in a reasonably safe condition, and such failure proximately caused the occurrence made the basis of this lawsuit and the resulting injuries and death to Rosalinda Gonzales (along with the injuries and damages suffered by Plaintiffs as well).

5.7     Additionally, Defendants were aware of the danger associated with the sidewalk and the surrounding area (including the misplaced air conditioning unit). Defendants had a duty to make the Premises safe and/or to warn residents, including Rosalinda, of the potential harm and/or threat posed by the unreasonably dangerous conditions. Defendants' failure to use ordinary care in preventing, fixing, or warning of this unreasonably dangerous condition proximately caused the incident that forms the basis of this lawsuit and Rosalinda's resulting injuries and death (along with the injuries and damages suffered by Plaintiffs as well).

5.8     Further, Defendants had actual and/or constructive knowledge of the unreasonably dangerous conditions, and the lack of adequate warning of such unsafe conditions posed an unreasonable risk of harm to Rosalinda and other residents. Defendants failed to exercise reasonable care to reduce or eliminate the risk, and such failure proximately caused the incident made the basis of this lawsuit and Rosalinda's resulting injuries and death (along with the injuries and damages suffered by Plaintiffs as well).

5.9     Finally, Defendants were aware that Rosalinda would be required to use the subject sidewalk, in its defective and unreasonably dangerous condition, if she were to access her belongings, which condition Defendants created, failed to maintain, and allowed to remain.

Exhibit B

## C.    Wrongful Death and Survival

5.9    As a result of the injuries and death of Rosalinda Gonzalez, Plaintiffs seek actual, special, incidental and/or consequential damages, including in the form of compensatory wrongful death and  survival damages from Defendants arising from the injuries Rosalinda suffered and Plaintiffs suffered in the form of pain and suffering, mental  anguish, as well as for the loss of advice, counsel, reasonable contributions of a pecuniary value, love, comfort and companionship which they otherwise would have received from their wife and mother, Rosalinda Gonzalez, and mental anguish, past medical expenses, and other resulting damages sustained in the past and that in reasonable probability will be sustained in the future, and more specifically as follows:

5.10    Per the *Texas Wrongful Death Act, Texas Civil Practice & Remedies Code,* §§ 71.001-71.012,   Plaintiffs seek recovery in their individual capacities for actual, special, incidental and/or consequential damages including, without limitation, pecuniary loss sustained in the past and pecuniary loss that, in all reasonable probability  will be sustained in the future; loss of companionship and society sustained in the past and loss of companionship and society that, in all reasonable probability, will be sustained in the future; loss of spousal and parental services; funeral expenses; past and future mental anguish; and past and future loss of consortium.

5.11    Plaintiff Augustine Gonzales, as Representative of the Estate of Rosalinda Gonzales, seeks recovery  of the following survival damages on behalf of the Estate of Rosalinda Gonzales pursuant to *Texas Civil  Practice & Remedies Code,* § 71.021: actual, special, incidental and/or consequential damages including, without limitation, physical pain and suffering and mental anguish suffered by Rosalinda prior to her

Exhibit B

passing as a result of the incident; medical expenses incurred by Rosalinda as a result of the incident; and funeral and burial expenses.

## VI.
## VICARIOUS LIABILITY

6.1     Defendant Terravista is liable for the conduct of its property manager, Defendant Garcia, under the doctrine of *respondeat superior*. Defendant Garcia was employed by Defendant Terravista as its authorized agent, servant, and/or employee prior to and on the date in question and was, upon information and belief, responsible for managing the Premises to ensure, among other things, that residents would be kept safe from unreasonably dangerous conditions on the Premises. Defendant Terravista is vicariously liable for Defendant Garcia's negligence because Garcia was acting in furtherance of the business of Defendant Terravista at the time of the incident, within her general authority, in the course and scope of her employment and/or agency with Defendant Terravista at the time, and for the accomplishment of the object for which she was hired.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiffs seek prejudgment and post-judgment interest at the maximum legal rate.

## VIII.
## CONDITIONS PRECEDENT

8.1     All conditions precedent have been performed, have occurred and/or have been waived, and every notice required by law to be given has been properly and timely given to Defendants.

Exhibit B

## IX.
## RULE 193.7 NOTICE

9.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice to the Defendants of Plaintiffs' intent to use, at trial and/or any hearing, any and all documents produced by Defendants in this litigation.

## X.
## JURY DEMAND

10.1     Plaintiffs demand a trial by jury and tender the requisite fee.

## XI.
## DISCLOSURE REQUIREMENT

11.1     This action was filed after January 1, 2021. Pursuant to the Texas Rule of Civil Procedure 194.2(a), as amended effective January 1, 2021, all parties named herein as Defendants are required – without awaiting a discovery request – to disclose the information and material described in Texas Rule of Civil Procedure 194.2(b) within 30 days of the filing of the first answer in this cause. See Supreme Court of Tex. Misc. Docket No. 20-9101 (Aug. 21, 2020) (making amended rule 194.2 applicable to cases filed on or after January 1, 2021).

### PRAYER

WHEREFORE, PROMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for the actual, special, incidental and/or consequential damages pled herein, in an amount as the evidence shows and the jury determines to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law and/or in equity.

Exhibit B

Dated this the 18th of August, 2021.

Respectfully submitted,

WATTS GUERRA LLP
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447.0500
Facsimile: (210) 447.0501

By:   /s/ Jennifer A. Neal
FRANCISCO GUERRA, IV
State Bar No. 00796684
fguerra@wattsguerra.com
JENNIFER A. NEAL
State Bar No. 24089834
jneal@wattsguerra.com
MEREDITH D. STRATIGOPOULOS
State Bar No. 24110416
mdrukker@wattsguerra.com
Four Dominion Drive
Bldg. Three, Suite 100
San Antonio, Texas 78257
Telephone:   (210) 447-0500
Facsimile:   (210) 447-0501

**ATTORNEYS FOR PLAINTIFFS**

Exhibit B

FILED
10/4/2021 8:55 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Teresa Diaz
Bexar County - 150th District Court

Case 5:21-cv-00965-OLG   Document 1-2   Filed 10/11/21   Page 20 of 24

CAUSE NO. 2021CI16841

| | | |
|---|---|---|
| AUGUSTINE GONZALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF THE ESTATE OF | § | |
| ROSALINDA GONZALES, DECEASED, | § | |
| MONICA HERNANDEZ, PERLA MARTINEZ | § | |
| (A.K.A. PERLA RODRIGUEZ) AND JOE | § | |
| PEDRAZA, JR. | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | 150th JUDICIAL DISTRICT |
| | § | |
| DOLORES TERRAVISTA HOUSING, LLC | § | |
| AND INEZ GARCIA | § | |
| *Defendants*. | § | BEXAR COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANTS DOLORES TERRAVISTA HOUSING, LLC AND INEZ GARCIA

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DOLORES TERRAVISTA HOUSING, LLC AND INEZ GARCIA**, Defendants in the above-styled and numbered cause, and file this their Original Answer and in support of the same would respectfully show unto the Court as follows:

## I.
### GENERAL DENIAL

Subject to all written stipulations, admissions or pleadings which Defendants may hereafter make and file in this cause, Defendants generally deny the allegations contained in *Plaintiffs' Original Petition* pursuant to Rule 92, T.R.C.P. and demand strict proof thereof, to which Defendants are entitled under the laws of this State and its Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendants, **DOLORES TERRAVISTA HOUSING, LLC AND INEZ GARCIA**, pray that Plaintiffs take nothing by this suit, but that these Defendants have judgment, plus costs of court, and such other and further relief to which

*Defendants' Original Answer*

Exhibit B

they may be entitled, either at law or in equity.

Respectfully submitted,

**GONZALEZ CHISCANO ANGULO & KASSON, P.C.**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Telephone No. 210/569-8489
Telecopier No. 210/569-8490


By:   */s/ Henry B. Gonzalez III*
   HENRY B. GONZALEZ III
   State Bar No. 00794952
   Email: hbg@gcaklaw.com

**ATTORNEYS FOR DEFENDANTS,
DOLORES TERRAVISTA HOUSING, LLC
AND INEZ GARCIA**


<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this 4th day of October, 2021, a true and correct copy of the foregoing was served in accordance with the Texas Rules of Civil Procedure by electronic mail and/or facsimile and/or First Class Mail and/or Certified Mail Return Receipt Requested and/or E-File and/or hand-delivery to the following:

| Party | Counsel | Additional Recipients |
|---|---|---|
| Plaintiffs | fguerra@wattsguerra.com<br>jneal@wattsguerra.com<br>mdrukker@wattsguerra.com | |


      */s/ Henry B. Gonzalez III*
     HENRY B. GONZALEZ III


*Defendants' Original Answer*

-2-

Exhibit B

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Mendoza on behalf of Henry Gonzalez, III
Bar No. 794952
jmendoza@gcaklaw.com
Envelope ID: 57827236
Status as of 10/6/2021 4:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Francisco Guerra IV | | fguerra@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Watts Guerra LLP | | service-sa@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Meredith Drukker | | mdrukker@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Jennifer Neal | | jneal@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Ana Diaz | | adiaz@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Jennifer Neal | | jneal@wattsguerra.com | 10/4/2021 8:55:35 AM | SENT |
| Ernie Broussard | | ebroussard@gcaklaw.com | 10/4/2021 8:55:35 AM | SENT |
| Henry BGonzalez, III | | hbg@gcaklaw.com | 10/4/2021 8:55:35 AM | SENT |
| Jessica Mendoza | | jmendoza@gcaklaw.com | 10/4/2021 8:55:35 AM | SENT |
| Lesley Priolo | | lpriolo@gcaklaw.com | 10/4/2021 8:55:35 AM | SENT |

Exhibit B

CAUSE NO. 2021CI16841

| | | |
|---|---|---|
| AUGUSTINE GONZALES, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND ON BEHALF OF THE ESTATE OF | § | |
| ROSALINDA GONZALES, DECEASED, | § | |
| MONICA HERNANDEZ, PERLA MARTINEZ | § | |
| (A.K.A. PERLA RODRIGUEZ) AND JOE | § | |
| PEDRAZA, JR. | § | |
|     *Plaintiffs*, | § | |
| | § | |
| vs. | § | 150th JUDICIAL DISTRICT |
| | § | |
| DOLORES TERRAVISTA HOUSING, LLC | § | |
| AND INEZ GARCIA | § | |
|     *Defendants*. | § | BEXAR COUNTY, TEXAS |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

      PLEASE TAKE NOTICE that on October 11, 2021, Defendant, Dolores Terravista Housing, LLC ("Terravista") filed a Notice of Removal in the United States District Court for the Western District of Texas, removing this case from the District Courts of Bexar County, Texas, to the United States District Court for the Southern District of Texas, San Antonio Division. A copy of the Notice of Removal that was filed in federal court is attached as Exhibit 1. A copy of this Notice has been sent to Plaintiffs.

      PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in accordance with the provisions of 28 U.S.C. § § 1441, 1446(d), and pursuant to 28 U.S.C. § 1446(d), the District Courts for Bexar County, Texas shall proceed no further with the above-captioned case unless and until the case is remanded.

      Respectfully submitted,

Exhibit B

**GONZALEZ CHISCANO ANGULO & KASSON, P.C.**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Telephone No. 210/569-8489
Telecopier No. 210/569-8490


By:    /s/ Henry B. Gonzalez III
          HENRY B. GONZALEZ III
          State Bar No. 00794952
          Email: hbg@gcaklaw.com

**ATTORNEYS FOR DEFENDANTS,**
**DOLORES TERRAVISTA HOUSING, LLC**
**AND INEZ GARCIA**


## CERTIFICATE OF SERVICE

I hereby certify that on this 11[h] day of October, 2021, a true and correct copy of the foregoing was served in accordance with the Texas Rules of Civil Procedure by electronic mail and/or facsimile and/or First-Class Mail and/or Certified Mail Return Receipt Requested and/or E-File and/or hand-delivery to the following:

| Party | Counsel | Additional Recipients |
|---|---|---|
| Plaintiffs | fguerra@wattsguerra.com<br>jneal@wattsguerra.com<br>mdrukker@wattsguerra.com | |

       /s/ Henry B. Gonzalez III
       HENRY B. GONZALEZ III

Exhibit B